UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | No. 20 CR 249 |
| v. | | |
| CARL ADAMS | | Judge Andrea R. Wood |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits this sentencing memorandum with respect to defendant Carl Adams. For the reasons set forth below, a sentence within the Guidelines range of 70 to 87 months, is warranted and sufficient, but not greater than necessary, upon consideration of the relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

**I.      Background**

On May 27, 2020, the grand jury returned an indictment charging the defendant, Carl Adams, with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). Dkt. 1. On June 2, 2022, defendant pleaded guilty to the indictment. Defendant is scheduled to be sentenced by this Court on August 29, 2022, at 1:30 p.m.

**II.     Offense Conduct**

On or about February 1, 2020, at Chicago, in the Northern District of Illinois, Eastern Division, defendant, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly

Case: 1:20-cr-00249 Document #: 59 Filed: 08/10/22 Page 2 of 10 PageID #:218

possess, in and affecting interstate commerce, a firearm, namely a Ruger SR9 pistol, bearing serial number 331-77580, which firearm had traveled in interstate commerce prior to the defendant's possession of the firearm; in violation of Title 18, United States Code, Section 922(g)(1).

More specifically, on or about February 1, 2020, defendant was standing on the 4500 block of West Jackson Boulevard, in Chicago, Illinois. Defendant was carrying a loaded Ruger SR9 pistol, bearing serial number 331-77580, in the waistband of his pants. Defendant was approached by a Chicago Police Officer and fled, running eastbound on Jackson Boulevard. Chicago Police Officers detained defendant at approximately 4514 West Jackson Boulevard and retrieved the firearm from the waistband of his pants.

At the time defendant possessed the firearm, he knew that he had previously been convicted of a crime punishable by a term of imprisonment in excess of one year, namely residential burglary and manufacturing/delivering heroin.

The firearm defendant knowingly possessed on or about February 1, 2020, was manufactured in Arizona, and therefore traveled in interstate commerce prior to his possession of the firearm.

### III. Offense Calculation and Guidelines Range

A. <u>PSR Calculation of Offense Level</u>

Pursuant to the November 2021 Sentencing Guidelines Manual, the PSR calculates the total offense level as follows (PSR ¶¶11-20):

| 26 | **Offense Base Level** pursuant to USSG § 2K2.1(a)(1) because defendant possessed a semiautomatic firearm capable of accepting a high capacity magazine, and defendant had two prior convictions for controlled substance offenses. |
|---|---|
| -3 | **Acceptance of Responsibility**. USSG § E1.1(a); E1.1(b) |
| 23 | **Total Offense Level** |

C.     Criminal History

Probation and the government agree that the defendant's criminal history score is 7 and his criminal history category is IV. PSR at ¶37.

On or about February 5, 2020, defendant was convicted of retail theft in the Circuit Court of Cook County, Illinois, and was sentenced to four days' imprisonment. Pursuant to Guideline § 4A1.1(c), defendant receives 1 criminal history point for this sentence. PSR at ¶36.

On or about August 8, 2012, defendant was convicted of residential burglary in the Circuit Court of Cook County, Illinois, and was sentenced to six years' imprisonment. Pursuant to Guideline § 4A1.2(a)(2)(B), defendant receives no criminal history points for this sentence. PSR at ¶35.

On or about August 8, 2012, defendant was convicted of manufacturing/delivering heroin in the Circuit Court of Cook County, Illinois, and was sentenced to six years' imprisonment. Pursuant to Guideline § 4A1.1(a), defendant receives 3 criminal history points for this sentence. PSR at ¶34.

On or about April 23, 2008, defendant was convicted of soliciting unlawful business in the Circuit Court of Cook County, Illinois, and was sentenced to six

months' supervision. Pursuant to Guideline §4A1.2(c)(2), defendant receives no criminal history points for this sentence. PSR at ¶33.

On or about August 31, 2006, defendant was convicted of possession of tetrahydrocannabinol, in the Circuit Court of Kenosha County, Wisconsin, and sentenced to 117 days' imprisonment. Pursuant to Guideline § 4A1.2(e)(3), defendant receives no criminal history points for this sentence. PSR at ¶32.

On or about December 4, 2006, defendant was convicted of possession with intent to distribute cocaine, in the Circuit Court of Milwaukee County, Wisconsin, and sentenced to 2 years' imprisonment. Pursuant to Guideline § 4A1.1(a), defendant receives 3 criminal history points for this sentence. PSR at ¶31.

On or about May 12, 2005, defendant was convicted of criminal trespass to a vehicle, in the Circuit Court of Cook County, Illinois, and sentenced to 1 day of imprisonment. Pursuant to Guideline § 4A1.2(e)(3), defendant receives no criminal history points for this sentence. PSR at ¶30.

On or about April 21, 2005, defendant was convicted of soliciting unlawful business, in the Circuit Court of Cook County, Illinois, and sentenced to 3 months' court supervision. Pursuant to Guideline §§ 4A1.2(c)(2) and (e)(3), defendant receives no criminal history points for this sentence. PSR at ¶29.

On or about March 27, 2003, defendant was convicted of possession of a controlled substance, in the Circuit Court of Cook County, Illinois, and sentenced to 1 year of imprisonment. Pursuant to Guideline § 4A1.2(e)(3), defendant receives no criminal history points for this sentence. PSR at ¶28.

On or about December 13, 2002, defendant was convicted of manufacturing/delivering cannabis, in the Circuit Court of Cook County, Illinois, and sentenced to 1 year of probation. Pursuant to Guideline § 4A1.2(e)(3), defendant receives no criminal history points for this sentence. PSR at ¶27.

C.     Advisory Guidelines Range

The PSR concludes, and the government agrees, that defendant's offense level of 23 and criminal history category of IV result in an advisory guidelines range of 70 to 87 months. PSR at ¶94.

## IV.    The §3553(a) Factors Support Imposition of a Sentence of Imprisonment Within the 70 to 87 Month Guidelines Range.

Section 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing.[1]  In order to determine the sentence to impose, the court must consider the statutory factors listed in §3553(a)(1)-(7).  One of those factors is the advisory range set by the Sentencing Guidelines, and another is the Commission's policy statements.  §3553(a)(4), (a)(5). Although the Sentencing Guidelines are advisory only, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).  For the reasons set forth below, the statutory sentencing factors reflect that

---

[1]Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(2)(A)-(D).

a sentence within the Guidelines range of 70 to 87 months is warranted.

A.   Seriousness, Nature and Circumstances of Offense

The seriousness, nature and circumstances of the offense demonstrate that a Guidelines sentence is warranted. Defendant, an individual who has been convicted of distributing heroin and residential burglary, was on the streets of Chicago, armed with a loaded Ruger SR9 firearm. When approached by Chicago police officers, defendant fled, leading the officers on a chase.

B.   History and Characteristics of Defendant

A Guidelines sentence is warranted and consistent with the history and characteristics of the defendant. Defendant has ten prior criminal convictions, including convictions for distributing heroin, residential burglary, and possession with intent to distribute cocaine.

C.   The Need to Protect the Public and Afford Adequate Deterrence and Respect for the Law

The sentence imposed should have specific and general deterrent effects. *See* 18 U.S.C. § 3553(a)(2)(B); *United States v. Mendoza*, 576 F.3d 711, 722 (7th Cir. 2009) (noting that general deterrence is a factor to consider). A guidelines sentence of incarceration would protect the community from the defendant's firearms and violent behavior.

Defendant was previously sentenced to various terms of imprisonment lasting six years, 2 years, 1 year, and 117 days. Those sentences failed to deter defendant from possessing a loaded gun on the streets of Chicago in 2020. A Guidelines sentence would specifically deter defendant from additional criminal conduct, including

6

possessing a firearm, in the future.

It is also important to stress the need for general deterrence. Over the past two years, the Chicagoland area has been subjected to devastating firearm violence. The consistent application of federal law meant to curb this violence by preventing felons, and other prohibited persons from possessing firearms, is necessary to deter this violence. A Guidelines sentence would send the message that the possession of loaded firearms by felons, is behavior that will not be tolerated by the federal government.

## V.  SUPERVISED RELEASE

The government recommends that the Court impose a guideline period of supervised release between one and three years. *See* PSR ¶ 103. During that period, the government recommends that the Court impose the following conditions:

### A.  Mandatory Conditions, Pursuant to 18 U.S.C. § 3583(d)

- The defendant shall not commit another federal, state, or local crime.

- The defendant shall not unlawfully possess a controlled substance.

- The defendant shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on probation and at least two periodic tests thereafter, up to 104 periodic tests, during each year of supervised release for use of a controlled substance.

- The defendant shall cooperate in the collection of a DNA sample if the collection of such sample is required by law.

### B.  Discretionary Conditions, Pursuant to 18 U.S.C. §§ 3583(d) and 3563(b)

The following conditions should be imposed on the basis that they (1) facilitate supervision by the probation officer, which is important here to promote defendant's

7

respect for the law and deter the defendant from future crimes; and (2) are tailored to address mental health and substance abuse issues which, if left untreated, will prevent defendant from successfully reintegrating into society:

- The defendant shall provide financial support to any dependents if financially able to do so.

- The defendant shall seek, and work conscientiously, at lawful employment or pursue conscientiously a course of study or vocational training that will equip him for employment.

- The defendant shall refrain from knowingly meeting or communicating with any person he knows to be engaged, or planning to engage in criminal activity.

- The defendant shall refrain from excessive use of alcohol (defined as having a blood alcohol concentration greater than .08%) or any use of a narcotic drug or other controlled substance.

- Defendant shall refrain from possessing a firearm, destructive device or other dangerous weapon.

- Defendant shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.

- Defendant shall refrain from knowingly leaving the federal judicial district where defendant is being supervised, unless granted permission to leave by the court or a probation officer.

- Defendant shall report to the probation office in the federal judicial district to which defendant is released within 72 hours of his release from imprisonment. Defendant shall thereafter report to a probation officer at reasonable times as directed by the court or a probation officer.

- Defendant shall permit a probation officer to visit the defendant at any reasonable time at home; at work; at school; at a community service location; or at another reasonable location specified by a probation officer; and permit confiscation of any contraband observed in plain view of the probation officer.

- Defendant shall notify the probation officer within 72 hours after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer.

- Defendant shall notify the probation officer within 72 hours if arrested, charged with a crime, or questioned by a law enforcement officer.

- If defendant has not obtained a high school diploma or equivalent, defendant shall participate in a GED preparation course and seek to obtain a GED within the first year of supervision.

- Defendant shall participate in an approved job skill-training program at the direction of a probation officer within the first 60 days of placement on supervision.

- Defendant shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed. The amount of community service shall not exceed 300 hours.

- Defendant shall not enter into an agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

- Defendant shall observe one Reentry Court session, as instructed by defendant's probation officer.

These supervised release terms are narrowly tailored to facilitate supervision by the probation officer, deter the defendant from future crimes, support defendant's rehabilitation and reintegration into the community, ensure that he is engaged in lawful pursuits rather than criminal activity.

9

## VI.    CONCLUSION

In view of the Section 3553(a) factors, a sentence within the Guidelines range of 70 to 87 months is fair, reasonable, and sufficient, but not greater than necessary. For these reasons, the government respectfully requests that this Court impose a Guidelines sentence.

Respectfully submitted,

JOHN R. LAUSCH
United States Attorney

By:     */s/ Cornelius Vandenberg*
CORNELIUS A. VANDENBERG
Assistant U.S. Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

Dated: August 10, 2022